

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 FEB 22 AM 8 55
CLERK, U.S. DISTRICT C'
SOUTHERN DISTRICT OF CA

**'08 MJ 0521**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **Magistrate Docket No.**_____ |
| | ) |
| | ) **COMPLAINT FOR** |
| **Plaintiff** | ) **VIOLATION OF:** |
| | ) |
| v. | ) **TITLE 18 U.S.C. 1028** |
| | ) Use of a False Identification |
| **James Francis MURPHY** | ) Document (Felony) |
| | ) |
| | ) **TITLE 18 U.S.C. 716(a)** |
| | ) Unauthorized Possession of |
| | ) Official Insignia (Misdemeanor) |

I, the undersigned complainant, being duly sworn, state:

### Count 1

On February 16, 2008, within the Southern District of California, defendant, James Francis MURPHY, did knowingly and without lawful authority, possess a false identification document with the intent to defraud the United States; to wit: defendant presented a badge and credentials to Transportation Security Administration officials identifying himself as a diplomat in an attempt to bypass security screening at an International Airport.

All in violation of Title 18, United States Code, Section 1028 (a) (4).

### Count 2

On February 16, 2008, within the Southern District of California, defendant, James Francis MURPHY, being a person not authorized to possess a genuine official insignia under the law of the place in which the badge is the official insignia, knowingly transported that badge in interstate commerce; to wit: defendant attempted to travel out of state aboard a commercial aircraft using a credential and badge identifying him as a diplomat that contained the official State Seal of California, when in fact defendant is not a public employee for the State of California and therefore not entitled to possess or transport that seal.

All in violation of Title 18, United States Code, Section 716 (a).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Signature of Complainant
Alex R. Moore, Special Agent
U.S. Department of State
Diplomatic Security Service

SWORN AND SUBSCRIBED TO before me
This _____22nd_____ day of _____February_____, 2008.

_____ UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT RE:

**James Francis MURPHY**

## STATEMENT OF FACTS

I, Alex R. Moore, being duly sworn, hereby depose and say:

1. I am a Special Agent (SA) with the U.S. Department of State, Diplomatic Security Service, assigned to the San Diego Resident Office in San Diego, California. I have been employed with the Diplomatic Security Service for twenty-three years and have investigated numerous violations involving the false application for and misuse of U.S. Passports, Visas, and other documents.

2. I submit this Affidavit in support of a complaint against defendant James Francis MURPHY, for violations of Title 18 U.S.C. Section 1028, Use of a False Identification Document, and Title 18 U.S.C. 716, Unauthorized Possession of an Official Insignia.

3. This Affidavit is based on my personal knowledge or those specific sources as set forth.

4. On 02/16/08, Diplomatic Security Service Special Agent (SA) Mike Escott was notified by San Diego Harbor Police (SDHP) that the defendant had identified himself as a diplomat at the San Diego International Airport and attempted to bypass security screening at the airport, claiming diplomatic immunity. SA Escott responded to the airport and interviewed the defendant. Defendant stated to SA Escott that his status as Diplomat/Ambassador afforded him (defendant) immunity and requested immunity for his diplomatic pouch. Defendant was shown and subsequently identified the badge and credential that he had previously presented to the Transportation Security Administration (TSA) as his official diplomatic credentials issued by the State of California. Based on SA Escott's experience and training, he determined that the credentials were not authentic diplomatic credentials issued by the United States Department of State. SA Escott detained defendant and separated him from his bags for safety. The bags were then screened by a SDHP canine dog. The dog did not indicate for the presence of explosives, however, the dog did show "interest" in the bag identified by the defendant as his diplomatic pouch. Defendant was then transported to SDHP headquarters by SDHP, at which point SDHP placed defendant under arrest for violation of state law, and searched his possessions incident to arrest.

5. I was notified of the situation by SA Escott and responded to SDHP headquarters. Upon arrival to SDHP headquarters, I reviewed the documents found in the defendant's possession, which included a wallet-like credential case that contained an official-looking laminated identification card with defendant's name, date of birth, photograph, and the title "Diplomatic Agent" (space) "Ambassador." At the top of the card was the heading "State of California" and below that was a reduced image of the official Seal of the State of California. Near the bottom of

the identification card was the statement, "DO NOT Delay, Detain, or Arrest for any offense." Also within the credential case were an official-looking law enforcement-type badge containing a gold star, the official California State Seal, the title "Ambassador/Diplomat," and the number 392594.

6. I examined the defendant's briefcase and noticed that affixed to the bag was a laminated card labeled "Diplomatic Pouch," on one side, and on the other, the following sentences: "This Diplomatic Pouch, containing twelve official Consular documents, is carried by Ambassador James-Francis: Murphy. This correspondence is inviolable. The Diplomatic Pouch shall not be opened, X-rayed, or detained." At the bottom of the card was a reference to the provisions of the Vienna Convention. Inside this bag were miscellaneous papers, a miniature radiation detector/alarm, and a pen-sized plastic instrument containing an unidentified liquid and white powder.

7. On 02/21/2008, I interviewed three TSA officers who were involved in the incident with the defendant at the San Diego International Airport on 02/16/2008. Officer Mike Capil was on duty at Checkpoint 6 when the TSA ticket checker brought the defendant to his attention. Officer Capil stated that the defendant flashed the aforementioned badge, lifted the bag identified by a diplomatic pouch tag, stated he was a diplomat with a diplomatic pouch he "wanted to bring around" the security screening procedure. TSA Supervisor Christine Loftus stated that she was called to Checkpoint 6 and defendant identified himself as a diplomat to her. TSA Security Manager Alfredo Ramos was then called to Checkpoint 6 and reviewed the credentials presented by defendant. Officer Ramos stated that the defendant then claimed to be "a diplomatic courier for an ambassador" and pointed to the aforementioned bag marked with a diplomatic pouch tag and said, "this is the bag that cannot go through screening." Officer Ramos asked defendant for his diplomatic courier letter and diplomatic passport, and defendant responded that he had neither. Officer Ramos asked defendant for some other form of identification, and defendant responded that he had nothing but the diplomatic credentials.

8. Based on the aforementioned information, I assert there is probable cause to believe that on February 16, 2008, within the Southern District of California, defendant, James Francis MURPHY, did knowingly and without lawful authority, possess a false identification document with the intent to defraud the United States when he presented a badge and credentials to Transportation Security Administration officials identifying himself as a diplomat in an attempt to bypass security screening at San Diego International Airport, a violation of Title 18, United States Code, Section 1028. Furthermore, I assert that on February 16, 2008, within the Southern District of California, defendant, James Francis MURPHY, being a person not authorized to possess a genuine official insignia under the law of the place in which the badge is the official insignia, knowingly transported that badge in interstate commerce when he attempted to travel out of state aboard a commercial aircraft using a credential and badge identifying him as a diplomat that contained the official State Seal of California, when in fact defendant is not a public employee for the State of California and therefore not entitled to possess or transport that seal, a violation of Title 18, United States Code, Section 716 (a).

Alex R. Moore
Special Agent
U.S. Department of State
Diplomatic Security Service

SWORN AND SUBSCRIBED TO before me
this 22nd day of February    2008

UNITED STATES MAGISTRATE JUDGE