```
 1  KAREN P. HEWITT
    United States Attorney
 2  FRED SHEPPARD
    Assistant U.S. Attorney
 3  California State Bar No. 250781
    Federal Office Building
 4  880 Front Street, Room 6293
    San Diego, California 92101-8893
 5  Telephone: (619) 557-7176
    Email: fred.sheppard@usdoj.gov
 6
    Attorneys for Plaintiff
 7  United States of America
```

FILED

08 MAR 12 PM 3:17

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 08MJ0521-NLS |
|---|---|---|
| Petitioner. | ) | |
| | ) | GOVERNMENT'S RESPONSE |
| vs. | ) | TO DEFENDANT'S MOTION |
| | ) | TO SEAL FINANCIAL AFFIDAVIT |
| JAMES FRANCIS MURPHY, | ) | |
| | ) | |
| Respondent. | ) | |

COMES NOW the UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Fred Sheppard, Assistant United States Attorney, and respectfully submits the following Response to Defendant James Francis Murphy's ("Defendant") Motion to Seal Financial Affidavit.

//
//
//
//
//
//
//
//

## I. BACKGROUND

On February 16, 2008, Defendant was arrested after falsely stating he was a diplomat and ambassador whose bag was not subject to search. Additionally, Defendant displayed numerous fictitious items of identification purporting to bolster his false claim.

On February 26, 2008, Defendant made his initial appearance before this Court and was provisionally appointed counsel. This provisional appointment was made pursuant to a financial affidavit submitted by Defendant. (This initial financial affidavit remains part of the record and a copy has been submitted by defense counsel). According to his initial financial affidavit, Defendant possessed a home worth approximately $1.5 million, $50,000 in stocks as well as additional assets and savings. Based upon this initial affidavit, the Court requested a more detailed financial affidavit ("Affidavit") prior to appointment, other than provisionally, of defense counsel from the Criminal Justice Act ("CJA") panel.

Defense counsel now requests that Defendant's Affidavit be sealed because it may contain information incriminating to Defendant, thus being protected from disclosure under the Fifth Amendment. This assertion is misplaced in the current context.

## ARGUMENT

In the present matter, Defendant seeks to shield his qualification for appointed counsel, stand-by or otherwise, from verification by the Government. Given the representations by Defendant to date, bald assertions that he is entitled to appointed counsel cannot be taken at face value.

According to 18 U.S.C. § 3006(a), Defendant is entitled to the appointment of counsel where he shows he is "financially unable to obtain adequate representation." Only "after appropriate inquiry that the person is financially unable to obtain counsel" should the Court appoint counsel for a defendant. United States v. Ellsworth, 547 F.2d 1096, 1098 (9th Cir. 1976). Furthermore, the burden is upon the defendant to demonstrate his eligibility for free counsel. See Id.

In the case at bar, Defendant has represented that he is a doctor with a practice in Nebraska. According to Defendant, he currently resides in a home in the San Diego area worth nearly $1 million. Where, as here, there is indicia of significant wealth, the Government should be allowed to verify the veracity of the statements made by Defendant prior to the public expenditure for counsel to which Defendant is not qualified. While the Government may not have standing to assert the public's right to access, See United States v. Hickey, 185 F.3d 1064 (9th Cir. 1999), the Government does have "an interest and a responsibility to bring to the Court's attention any possible misuse or waste of public funds." United States v. Kodzis, 255 F. Supp. 2d 1140, 1144 (S.D. Cal. March 28, 2003).

Furthermore, any assertion by Defendant that information within the Affidavit is falls under the purview of the Fifth Amendment is misplaced. Where it may be true that the Affidavit itself may not be used to impeach Defendant in a subsequent proceeding, see Simmons v. United States, 390 U.S. 377 (1968), the information within the Affidavit is not necessarily protected.

According to Defendant, the information contained within the Affidavit concerns his income as well as banking practices, investments and expenditures. This information is, outside of pure cash payments not deposited within any financial institution, necessarily contained within records not protected by the Fifth Amendment. In United States v. Hubbell, the Supreme Court stated that it is a "settled proposition that a person may be required to produce specific documents even though they contain incriminating assertions of fact or belief because the creation of those documents was not 'compelled' within the meaning of the privilege." 530 U.S. 27, 35-36 (2000) (citation omitted); See also United States v. Taylor, 99 A.F.T.R.2d (RIA) 1598 (D. Ariz. March 14, 2007) (holding that production of bank statements, stock certificates, real property and vehicle registration, contracts and agreements not protected under the Fifth Amendment).

The Government does not seek to introduce the Affidavit itself in evidence, either directly or for impeachment purposes. However, where the information within the

Affidavit is based upon documentation otherwise subject to production, that information should be made available to the Government.

Where Defendant indicates in his financial affidavit that he owns stock, real estate, a vehicle as well as other investments and expenditures necessarily documented, any assertion of Fifth Amendment privilege is unfounded. Because Defendant would not be able to claim a Fifth Amendment privilege in producing the documentation regarding these investments and expenditures, Defendant should not be able to claim this privilege as to their existence.

## III. CONCLUSION

For the foregoing reasons, the Government respectfully requests this Honorable Court deny Defendant's Motion to Seal Financial Affidavit.

DATED: March 12, 2008

                    Respectfully submitted,

                    KAREN P. HEWITT
                    United States Attorney

                    */s/ Fred Sheppard*

                    Fred Sheppard
                    Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JAMES FRANCIS MURPHY, )<br>)<br>Respondent. )<br>_____ ) | Case No. 08MJ0521-NLS<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, Fred Sheppard, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893. I am not a party to the above-entitled action. I have caused service of the Response to Response to Defendant's Motion to Seal Financial Affidavit, dated March 12, 2008, and this Certificate of Service, dated March 12, 2008, on the following parties by emailing, per defense counsel's request, to:

Robert Rexrode
robert_rexrode@rexrodelawoffices.com
Defense Counsel

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 12, 2008.

/s/ *Fred Sheppard*
Fred Sheppard
Assistant United States Attorney

5

08MJ0521-NLS